IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISNEY ENTERPRISES, INC.

    Plaintiff,

vs.

KOOL KLOWN PARTY PEOPLE, INC.,
DAVID F. CHAVECO, and MARISOL
PEREZ-CHAVECO

    Defendants.
_____/

CASE NO.: 6:08-CV-728-ORL-19-DAB
Magistrate Judge:

## COMPLAINT

Plaintiff, Disney Enterprises, Inc., by and through its undersigned attorneys, alleges for its Complaint as follows:

### INTRODUCTION

1. This action has been filed by Disney Enterprises, Inc. to combat the willful and intentional infringement of its copyrighted properties and trademarks, and includes claims for copyright infringement, federal trademark infringement, unfair competition and dilution. The Defendants, Kool Klown Party People, Inc., David F. Chaveco, and Marisol Perez-Chaveco, are the owners, operators, and managers of a retail business that is offering for sale and distributing live children entertainment services in conjunction with unauthorized reproductions of Disney copyrighted and trademarked properties.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) as the Plaintiff's cause of action arises under The Copyright Act, 17 U.S.C. § 101 et. seq. and The Federal Trademark Act ("The Lanham Act of 1946"), 15 U.S.C. § 1051 et. seq. Further, this Court has jurisdiction over the Plaintiff's pendent and common law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper within this District pursuant to 28 U.S.C. §§ 1400(a) and 1391(b).

## THE PARTIES

4. Disney Enterprises, Inc. ("Disney" or "Plaintiff") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.

5. Defendant, Kool Klown Party People, Inc., ("KKPP") is a Florida corporation whose corporate address is 1148 10th Street, Clermont, Florida 34711.

6. Defendant, David F. Chaveco ("D. Chaveco"), is upon information and belief, an individual residing in the State of Florida at 1148 10th Street, Clermont, Florida 34711 and who is an officer, founder, and controlling force in the operation of KKPP.

7. Defendant, Marisol Perez-Chaveco ("M. Chaveco"), is upon information and belief, an individual residing in the State of Florida at 1148 10th

2

Street, Clermont, Florida 34711 and who is an officer, founder, and controlling force in the operation of KKPP.

8.   Defendants, KKPP, D. Chaveco, and M. Chaveco, will hereinafter be collectively referred to as "Defendants" or "Kool Klown".

## FACTUAL BACKGROUND

9.   Disney, and/or one of the various subsidiary companies wholly owned by Disney, is engaged in a variety of businesses, including the operation of the Walt Disney World resort complex and the Disneyland Resort, producing and distributing motion pictures and television programs, operating stores and hotels, producing and selling books, records and tapes, and providing wide variety of entertainment services. A significant aspect of Disney's business is the merchandising and licensing of distinctive elements associated with its motion pictures and television programs, including, but not limited to, the world-famous fanciful characters Mickey Mouse, Minnie Mouse, Tinker Bell, Donald Duck, Daisy Duck, Goofy, Pluto Winnie the Pooh, and Tigger as well as other characters from its signature animated motion pictures, including, but not limited to, Snow White and the Seven Dwarfs, Pinocchio, Cinderella, The Lion King, Aladdin, Beauty and the Beast, The Little Mermaid, Pocahontas, Hunchback of Notre Dame, Hercules, Mulan, Toy Story, Monsters, Inc., Finding Nemo, The Incredibles, Cars, and Ratatouille (hereinafter collectively referred to as "Disney Characters" the images of which serve as trademarks and also constitute copyrighted artwork).

10. Each of the Disney Characters noted above are covered by a copyright registration with the U. S. Copyright Office. Various copyright registrations were made in the name of Walter E. Disney. In October 1934, Walter E. Disney assigned his copyrights to Walt Disney Productions Ltd. ("WDPL"), and filed a copy of such assignment ("The Assignment") with the Copyright Office. In September 1938, WDPL and Walt Disney Enterprises ("WDE") and Liled Realty and Investment Company, Ltd., were consolidated into Walt Disney Enterprises. A copy of the consolidation agreement was filed with the Copyright Office. In December 1938, pursuant to an amendment to its articles of incorporation, Walt Disney Enterprises changed its name. A copy of the 1938 certificate of amendment of the articles of incorporation ("The 1938 Name Change") to Walt Disney Productions ("WDP") was filed with the Copyright Office. In February 1986, pursuant to an amendment to its articles of incorporation, WDP changed its name to The Walt Disney Company. A copy of the 1986 certificate of amendment ("The 1986 Name Change") was filed with the Copyright Office. In February 1996, pursuant to further amendment to its articles of incorporation, The Walt Disney Company again changed its name to Disney Enterprises, Inc. A copy of the 1996 certificate of amendment ("The 1996 Name Change") was filed with the Copyright Office. Some representative copyright registrations covering certain Disney Characters are indexed on Exhibit "A".

11. Disney additionally owns all rights, title and interest in and to, and holds the exclusive rights to market and sell merchandise and services in connection

with the images of the Disney Characters (hereinafter referred to as the "Disney Trademarks"). Disney possesses both common law trademark rights to the Disney Trademarks, as well as Federal and state registrations for certain Disney Trademarks. Representative registrations to these marks and numerous others concerning the Disney Trademarks are indexed on Exhibit "B".

12.  Many of the Disney Trademarks have been registered with the United States Patent and Trademark Office pursuant to the Lanham Act (15 U.S.C. § 1051 et. seq.) The Federal trademark registrations indexed on Exhibit "B" are current and in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. Additionally, many of the Disney Trademarks qualify as famous marks pursuant to 15 U.S.C. § 1125(c). Disney Trademarks are inherently distinctive and unique and are used throughout the United States and the world.

13.  Disney's distinctive Disney Trademarks, when utilized in conjunction with the sale, distribution and offer for sale of apparel, toys, electronics, luggage, retail store and hotel services, books, records and tapes, entertainment services, resort services, travel services and transportation services, as well as other related goods and services, signify to the purchaser that the product or service comes from Disney and is of the highest quality. Whether Disney manufactures or provides the product or service itself, or licenses others to do it, Disney has insured that products and services bearing its Disney Trademarks are of the highest standards. Disney's high quality products and services have been widely accepted by the public and are

enormously popular. Disney Trademarks are highly recognizable throughout the United States and much of the world.

## INFRINGING CONDUCT

14. The Defendants are in the business of selling and offering for sale live childrens entertainment services featuring unauthorized reproductions of the Disney Characters in adult size costumes (hereinafter "Infringing Costume Services"). See Exhibit C.

15. Defendants advertise, market and offer for sale their Infringing Costume Services through Web sites located at URL <http://www.koolklownpartypeople.com>, <http://www.myspace.com>, and on Craig's list at <http://orlando.craigslist.org/evs/558021379.html> which websites include photographs of the unauthorized adult Disney Character costumes. See Exhibit C.

16. Disney has never authorized or licensed Defendants to give, provide or solicit the sale of the display, staging or production any live performance utilizing any Disney Character costume(s), authorized or not, featuring the likeness of any of the Disney Characters.

17. Disney has in the past received complaints concerning individuals who have provided live children's entertainment services featuring one or more of the Disney Characters which services were not authorized by Disney.

18. Because Disney did not authorize or license the Infringing Costume Services, it cannot control the quality and nature of the performance, the quality of the costume(s), the quality and background the individual(s) providing the performance and the quality of the content of the performance.

COUNT I - COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et. seq.)

19. Disney brings the following claim of copyright infringement against the Defendants and incorporates by reference allegations 1 through 18 above.

20. Defendants have infringed the Disney's copyrights by selling, distributing, offering for sale and advertising Infringing Costumes Services utilizing unauthorized adult costumes which consist of unauthorized reproductions of the Disney Characters or which are substantially similar to the copyrighted elements of the works and/or by preparing derivative works based on Disney's Characters in violation of 17 U.S.C. § 101 et seq. (the "Copyright Act") including but not limited to the following characters.

| Infringed Work | Registration Number |
| --- | --- |
| Winnie the Pooh | VA 58 940 |
| Tigger | Gp 81 527 |
| Eeyore | Gp 81 528 |

21. Defendants have never been authorized by Disney to distribute Disney's Characters; nor has Disney ever authorized, licensed, or in any manner allowed the Defendants the right to distribute, sell or offer for sale any services

including, but not limited to, Infringing Costumes Services which bear any of said copyrighted properties; nor have the Defendants ever been authorized or licensed by Disney to display, stage or produce any live performance utilizing Disney's Characters.

22. Defendants have distributed, sold, or offered for sale the Infringing Costume Services with actual as well as constructive knowledge of Disney's exclusive rights, and its actions have contributed to the infringing, copying, duplication, sale, and offer for sale of counterfeit copies of the Disney Characters. Each act by the Defendants that infringes one of Disney's copyrights is the basis for a separate claim against the Defendants under the Copyright Act.

23. Upon information and belief, Defendants' acts as alleged are willful infringements of and have irreparably harmed Disney's copyrights and exclusive rights and threaten further infringements and further irreparable harm to Disney's copyrights and exclusive rights. Further harm and injury to Disney is imminent, and Disney is without an adequate remedy at law with respect to such harm and injury. Unless Defendants' acts are enjoined and the illicit counterfeiters of the Disney Characters are stopped, it is highly probable that the Defendants, or others under their direction, will distribute, sell, or offer for sale additional Infringing Costumes which bear the Disney Characters causing further irreparable injury to Disney.

24. Defendants have obtained gains, profit, and advantages as a result of their wrongful acts noted above.

25. Disney is entitled, at its option, to statutory damages as provided by 17.U.S.C. § 504 in lieu of actual damages and the Defendants' profits.

## COUNT II - TRADEMARK INFRINGEMENT

26. Disney incorporates by reference paragraphs 1 through 18 and brings the following claim for trademark infringement pursuant to 15 U.S.C. § 1114 against the Defendants.

27. Disney owns the exclusive rights to those Trademarks indexed on Exhibit "B". All of the Disney trademark registrations are in full force and effect and are owned by Disney (Disney Trademarks"). Many of the Disney Trademarks are incontestable pursuant to 15 U.S.C. § 1065.

28. Disney, or those under its authority, manufacture, and distribute all of its advertising and products in conformity with the provisions of the United States Trademark law.

29. Notwithstanding Disney's well-known and prior common law and statutory rights in the Disney Trademarks, Defendants have, with actual and constructive notice of Disney's federal registration rights and long after the Plaintiff established its rights, adopted and used the Disney Trademarks, including but not limited to the following characters in conjunction the Infringing Costume Services in the State of Florida and interstate commerce.

| Mark Work | Registration Number |
|---|---|
| Tigger | 77106420 |

9

| Eeyore | 78979283 |
| | 2978291 |
| | 77130166 |
| My Friends Tigger & Pooh | 78807739 |
| Classic Pooh | 2415566 |
| | 2415567 |
| | 2623099 |
| Classic Pooh | 1982916 |
| | 2257705 |
| | 3021644 |

30. Defendants have sold, offered for sale and distributed the Infringing Costume Services in conjunction with the Disney Trademarks thus creating the likelihood of confusion, deception, and mistake.

31. Said acts of infringement will cause irreparable injury to Disney if the Defendants are not restrained by the Court from further violation of Disney's rights as Disney has no adequate remedy at law.

32. Disney has suffered damages as a result of the Defendants' acts.

33. Defendants' use in commerce of Disney's Trademarks in conjunction the Infringing Costume Services is an infringement of Disney's registered Trademarks in violation of 15 U.S.C. § 1114(1).

34. Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure Disney and its businesses.

35. The Infringing Costumes Services bearing the Disney Trademarks that the Defendants' sold, distributed, or offered for sale constitutes a counterfeit product pursuant to 15 U.S.C. § 1116(d).

## COUNT III - LANHAM ACT- UNFAIR COMPETITION

36. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 18, 20 through 22, and 27 through 30 above.

37. The Disney Characters and Disney Trademarks through years of sales and marketing have achieved wide acceptance in the marketplace.

38. The Disney Characters and Disney Trademarks are recognized as distinctive and have developed and now possess secondary trademark meaning to the buying public in that viewers of the Disney Characters and Disney Trademarks associate them with Disney and Disney's products and services.

39. The acts of the Defendants constitutes false designations of origin, false descriptions and representations, and infringement of the Disney Characters and Disney Trademarks, and occurred in the course of Defendants' sale, offer for sale and distribution of Infringing Costume Services. Specifically, Defendants have used unauthorized costumes bearing likeness of the Disney Characters as well as the Disney Trademarks in their advertisement, marketing, rental, sale and performance of their Infringing Costume Services, which activities are likely to cause mistake or to deceive as to the affiliation, connection or association of the Defendants with Disney as to the origin, sponsorship or approval to their goods or services.

40. The Defendants, by misappropriating and using the Disney Characters and Disney Trademarks are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their services. Defendants have profited thereby and, accordingly, Disney is entitled to recover its damages, as well as Defendants' profits received because of the infringement.

41. These acts constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Defendants' acts of infringement will cause irreparable injury to the Plaintiffs if Defendants are not restrained by the Court from further violation of the Plaintiffs' rights, as Plaintiffs have no adequate remedy at law.

## COUNT - IV - DILUTION OF TRADEMARK

43. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 18, and 20 through 22, 27 through 30, and 37 through 40 of this Complaint.

44. As a result of Plaintiff's continuous promotion of the Disney Trademarks, the Disney Trademarks have become recognized as distinctive and famous marks under 15 U.S.C. § 1125(c).

45. Defendants' use in commerce of the Disney Trademarks began after Disney's marks became famous and is likely to cause dilution of the distinctive quality of the marks, through Defendants' commercial and advertising activities. Such conduct has caused injury to Disney pursuant to 15 U.S.C. § 1125(c).

46. Defendants willfully intended to trade on Disney's reputation and/or cause dilution of the famous marks. Accordingly, Disney is entitled to recover its damages, as well as Defendants' profits received as a result of the infringement, pursuant to 15 U.S.C. § 1117(a).

47. Unless Defendants' conduct is enjoined, Disney, and its goodwill and reputation will suffer irreparable injury that cannot be adequately calculated or compensated solely by money damages. Accordingly, Disney seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c) (1).

### COUNT IV – UNFAIR COMPETITION UNDER FLORIDA'S COMMON LAW

48. Disney repeats and realleges paragraphs 1 through 18, 20 through 22, 27 through 30, 37 through 41, and 46 through 47 of this Complaint.

49. Disney has expended significant sums of money in advertising and marketing products featuring its trademarks, and creating a consumer demand for such products in Florida and elsewhere in the United States. Consequently, these products have become widely known and accepted.

50. The Defendants have interfered with Disney's ability to conduct its business by adopting and using one or more of Disney's Characters in conjunction with their sale, distribution and offer for sale, marketing and advertising of live performances and/or rental of Infringing Costumes in Florida, thereby passing off such services or products as authorized or distributed by Disney.

51. The Defendants have knowingly and willfully appropriated one or more of the Disney's Characters in an effort to create the impression that the Defendants counterfeit activities are sanctioned by Disney in order to misappropriate all of the goodwill associated with Disney's Characters.

52. The Defendants' acts, as described above, constitute unfair competition and will, unless enjoined by this Court, result in the destruction and/or dilution of Disney's valuable good will. Such acts lead to a likelihood of consumer confusion.

53. The continued passing off by the Defendants of such unauthorized products and services, as if such products originated with or were authorized by Disney, has caused and, unless restrained, will continue to cause serious and irreparable injury to Disney.

54. As a result of the aforesaid acts, Disney has suffered damage.

## COUNT V – DILUTION IN VIOLATION OF FLA. STAT. § 495.151

55. Disney repeats and realleges paragraphs 1 through 18, 20 through 22, 27 through 30, 37 through 41, 46 through 47, and 49 through 51 of this Complaint.

56. The infringing, unauthorized, and unlawful acts of the Defendants as alleged above have, and will continue to have, the effect of diluting the distinctive quality of the Disney's Characters. Said acts constitute an unlawful dilution of Disney's rights at common law and under the Florida Anti-Dilution Statute, Fla. Stat. § 495.151.

57. The Defendants' commercial exploitation of Disney's Characters in conjunction with the Infringing Costumes and related services utilizing the Infringing Costumes will cause confusion in the marketplace regarding the sponsorship and origin of such services and will tarnish the distinctive quality if Disney Trademarks and injure Disney's reputation in the marketplace.

58. The Defendants willfully intended to trade on Disney's reputation through their use of the Infringing Costumes and related services utilizing the Infringing Costumes.

59. As a result of the Defendants acts, Disney has no adequate remedy at law and has suffered irreparable harm and damage. Disney will continue to suffer irreparable harm and damage as a result of Defendants' acts unless injunctive relief is granted as prayed for herein.

PRAYER FOR RELIEF

WHEREFORE, Disney demands entry of a judgment against the defendants as follows:

1. Permanent injunctive relief restraining Defendants, and their officers, agents, servants, employees, contractors and all persons acting in concert or participation with any of them:

(a) from further infringing on Disney's Characters by manufacturing, producing, distributing, circulating, selling, marketing, offering for

sale, advertising, promoting, displaying or otherwise disposing any of Disney's copyrighted properties and trademarks, through the use of Infringing Costumes or through any other services that are not authorized by Disney.

(b) from manufacturing, purchasing, selling, distributing, advertising, renting and/or using any Infringing Costumes or other related services not authorized by Disney and from creating imitations of any of Disney's Characters in any manner for the purpose of acquiring, benefiting from, or trading on Disney's commercial reputations, successes, and goodwill.

(c) from making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade and public, or individual members thereof, to believe that any product or service manufactured, distributed or sold by the Defendants are in any manner associated or connected with Disney.

2. Directing that Defendants deliver for destruction any and all Infringing Costumes or related infringing merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of Disney's Characters, or bearing a design or image which is of a substantially similar appearance to any of Disney's Characters.

3. Directing that Defendants report to this Court within thirty (30) days after a Permanent Injunction is entered to show their compliance with paragraphs 1 through 2 above.

4. Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any goods or services manufactured, sold, offered for sale, distributed and/or promoted by Defendants is authorized by Disney, or related in any way to Disney's products.

5. That Disney, be awarded from each Defendant utilizing Disney's Trademarks three times such Defendant's profits there from, after an accounting, pursuant to 15 U.S.C. § 1114 and § 1117, or at the election of Disney, statutory damages as provided by § 1117(c), of between Five Hundred Dollars ($500) and One Hundred Thousand Dollars ($100,000), per trademark per type of good or service sold, which is counterfeited by each Defendant, at the Court's discretion, or should this Court find that the Defendant's use of the counterfeit mark was willful, and at the Court's discretion, not more than One Million Dollars ($1,000,000) per counterfeit mark per type of good or service sold or service offered by each Defendant.

6. That Disney be awarded from each Defendant offering goods or services bearing Disney's Trademarks three times such Defendant's profits there from, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117.

7. That Disney be awarded from each Defendant found to be in violation of its copyrights, the Defendant's profits, or at Disney's election, an award of statutory damages pursuant to 17 U.S.C. § 504, of no less than Seven Hundred and Fifty Dollars ($750) nor more than Thirty Thousand Dollars ($30,000) per

copyrighted property infringed upon by each Defendant, at the Court's discretion, or should this Court find that such infringement was willful, that this Court, pursuant to its discretion, award statutory damages of up to One Hundred and Fifty Thousand Dollars ($150,000) for each copyrighted property infringed upon by each such Defendant.

8. That Disney be awarded its reasonable attorney's fees and investigative fees pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505.

9. That Disney be awarded its costs in bringing this action.

10. That Disney has such other and further relief that this Court deems just.

Dated this 2nd day of May 2008.

Michael W. O. Holihan
Florida Bar No.: 0782165
Holihan Law
1101 North Lake Destiny Road
Suite 275
Maitland, Florida 32751
Telephone: 407-660-8575
Fax: 407-660-0510
Email: michael.holihan@holihanlaw.com
Attorneys and Trial Counsel for Disney Enterprises, Inc.